IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-229-FDW-DCK

| | |
|---|---|
| GEORGE E. CLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and Defendant's "Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u> and this matter remanded for a new hearing.

## BACKGROUND

George E. Clowers ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about October 7, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, alleging an inability to work due to a disabling condition beginning June 4, 2008. (Transcript of the Record of Proceedings ("Tr.") 9, 82-85). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application on December 11, 2009. (Tr. 9,

38-41). In its "Notice of Disapproved Claim" the Social Security Administration ("SSA") included the following explanation:

> We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work.
>
> You said you were disabled because of hearing loss, knee, shoulder, neck and arm pain, asthma. The medical evidence shows that you have had some difficulties. The reports did not show any conditions of a nature that would prevent you from working. Based on your description of your job as a Dishwasher, your condition does not prevent you from performing this work.

(Tr. 41).

Plaintiff filed a timely written request for a hearing on January 21, 2010. (Tr. 9, 42-43). On December 7, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Thomas P. Tielens ("ALJ"). (Tr. 9, 20-36). Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. (Tr. 9, 22-23).

The ALJ issued an unfavorable decision on February 14, 2011, denying Plaintiff's claim. (Tr. 6-16). Plaintiff filed a request for review of the ALJ's decision on February 25, 2011, which was denied by the Appeals Council on February 16, 2012. (Tr. 1-3). The February 14, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed with this Court on April 16, 2012. (Document No. 1). On April 16, 2012, the undersigned was assigned to this case as the referral magistrate judge. Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For Summary

Judgment" (Document No. 12), were filed September 10, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 16), were filed December 10, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Frank D. Whitney is appropriate.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)

("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 4, 2008, and the date of his decision.[1] (Tr. 9). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from June 4, 2008, through the date of his decision, February 14, 2011. (Tr. 16).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity -
> if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement -
> if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 15-16).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since June 4, 2008, his alleged disability onset date. (Tr. 11). At the second step, the ALJ found that asthma, hearing loss and status post crushing injury to left side of the body, were severe impairments. (Tr. 11).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to:

> perform medium work as defined in 20 CFR 404.1567(c) except that he has limited hearing. The claimant must avoid concentrated exposure to extreme cold, fumes, odors and dusts.

(Tr. 12). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. The ALJ further opined that "he considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6pand 06-3p." Id.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

At the fourth step, the ALJ found that Plaintiff was unable to perform his "past relevant work as a truck driver/laborer and a welder (heavy work)." (Tr. 15). At the fifth and final step, the ALJ concluded "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 15). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 4, 2008, and the date of his decision, February 14, 2011. (Tr. 16).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in rendering his decision at Step 5 by failing to obtain vocational expert testimony since Plaintiff's RFC included non-exertional limitations; (2) the ALJ erred by improperly rejecting the medical opinions of Dr. Persaud; and (3) the ALJ improperly evaluated Plaintiff's credibility. (Document No. 12). The undersigned is particularly persuaded by Plaintiff's first assignment of error, as discussed below, and finds that it provides a sufficient basis for remanding this matter for a new hearing and further consideration.

**Step 5 Determination**

The ALJ's decision notes that at the last step in the sequential evaluation process "a limited burden of going forward with the evidence shifts to the Social Security Administration." (Tr. 11). The ALJ further states that "[i]n order to support a finding that an individual is not disabled at this step, the Social Security Administration is **responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do**, given the residual functional capacity, age, education, and work experience." Id. (emphasis added). Here, the undersigned is not persuaded that the ALJ has shown that substantial evidence supports a finding that "other work exists in significant numbers

6

in the national economy that the claimant can do." (Tr. 15-16). In short, it is unclear how the ALJ reached his conclusion at Step 5.

Plaintiff essentially argues that because the ALJ included nonexertional limitations in Plaintiff's RFC he should not have relied solely on the Medical-Vocational Guidelines in determining that jobs existed in significant numbers that Plaintiff could perform. (Document No. 132, pp.8-13). Specifically, Plaintiff argues that the ALJ's analysis and conclusion are severely flawed and in error because the ALJ acknowledged that Plaintiff's impairments imposed "non-exertional limitations" but rendered a decision without vocational testimony. (Document No. 12, p.10). Plaintiff asserts that the burden was on Defendant to prove that there are specific alternative jobs available to Plaintiff within his functional capacity given his combined impairments. Id. "When a claimant demonstrates the existence of non-exertional impairments, use of the GRIDS is inappropriate and the **presence of a vocational expert is required** for the Commissioner to establish alternate vocational capacity." (Document No. 12, p.11) (citing Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983)) (emphasis in original).

As noted by Plaintiff, the ALJ found that Plaintiff's asthma and hearing loss were severe impairments, and that Plaintiff could perform medium work "except that he has limited hearing." (Tr. 11-12). The undersigned agrees that it is unclear that the ALJ sufficiently considered the vocational restrictions imposed by these nonexertional limitations. (Tr. 15-16). Plaintiff effectively argues that the ALJ should have consulted a Vocational Expert ("VE") to determine how Plaintiff's hearing impairment would affect his ability to work. (Document No. 12, p.11) (quoting SSR 85-15 at * 7) ("[t]here are so many possible medical variables of hearing loss that consultation of vocational reference materials or the assistance of a VS is often necessary to decide the effect on the broad world of work."). Plaintiff concludes that the "presence of non-

exertional impairments required the consideration of vocational testimony." (Document No. 12, p.13) (citing SSR 83-14).

Defendant submits, however, that the regulations specifically allow the ALJ to rely on the Medical-Vocational Guidelines as a framework for a finding of not disabled where, as here, the non-exertional limitations do not significantly erode the occupational base. (Document No. 16, pp.6-7). "When dealing with an individual who alleges that he has non-exertional limitations, the proper evaluation is whether the non-exertional limitation has an impact on the individual's residual functional capacity to perform work at the exertional level that he has been deemed capable of performing." (Document No. 16, p.4) (citing Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1984).

Smith v. Schweiker provides that

> Although Grant makes clear that reliance on the grids is precluded where the claimant suffers from a "nonexertional impairment," not every malady of a "nonexertional" nature rises to the level of a "nonexertional impairment." The proper inquiry, under Grant, **is whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable**. If the condition has that effect, it is properly viewed as a "nonexertional impairment," thereby precluding reliance on the grids to determine a claimant's disability.

Smith v. Schweiker, 719 F.2d at 725 (emphasis added). In Smith v. Schweiker, the Fourth Circuit found that that there was "substantial evidence to support the finding that Smith's nonexertional maladies did not significantly affect his ability to perform work of which he was exertionally capable." Id. at 723.

In this case, the ALJ clearly acknowledged in the RFC finding that Plaintiff's non-exertional hearing limitation affects his capacity to perform work. (Tr. 12). As noted above, the ALJ specifically opined that "the claimant has the residual functional capacity to perform

8

medium work as defined in 20 CFR 404.1567(c) **except that he has limited hearing**." (Tr. 12) (emphasis added). Despite this acknowledgement, the ALJ failed to consult a VE, failed to elaborate on the extent of the effect of Plaintiff's "limited hearing," and failed to offer any explanation of how he had factored Plaintiff's hearing limitation into his Step 5 assessment that there were jobs in significant numbers that Plaintiff could perform. (Tr. 15-16).

Although the ALJ's conclusion may ultimately be correct and supportable by sufficient evidence, the undersigned is not satisfied that the ALJ here has met the limited burden of "providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do." (Tr. 11). Unlike Smith v. Schweiker, it is not clear that substantial evidence supports a finding that Plaintiff's nonexertional maladies would not affect his ability to perform work of which he was exertionally capable. In fact, the ALJ's RFC finding states Plaintiff's nonexertional malady *does* affect his ability to perform the medium work he is exertionally capable of doing.

## CONCLUSION

The undersigned finds that the ALJ's determination lacks substantial evidence supporting the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 15) be **DENIED**; and the Commissioner's

determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 2, 2013

David C. Keesler
United States Magistrate Judge